IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY GROSS, # 256564, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:14cv208-MHT |
| | ) (WO) |
| KENNETH JONES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Alexander Gross ("Gross") on March 11, 2014.[1] Doc. No. 1. Gross presents claims challenging the constitutionality of his 2011 murder conviction in the Houston County Circuit Court. The respondents (Doc. No. 6) argue Gross's petition is time-barred by the one-year federal limitation period. *See* 28 U.S.C. § 2244(d).[2] Upon review of the pleadings, evidentiary materials, and applicable law, the court concludes no evidentiary hearing is required and that Gross's petition should be denied as untimely.

**II. DISCUSSION**

---

[1] Although Gross's petition was date-stamped as received in this court on March 24, 2014, he indicates he placed it in the prison mailing system on March 11, 2014. *See* Doc. No. 1 at 15. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

Title 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

*State Court Proceedings*

Exhibits submitted by the respondents reflect that on August 5, 2010, a Houston County jury found Gross guilty of murder, in violation of § 13A-6-2, Ala. Code 1975. Ex. A at 2. On September 3, 2010, the trial court sentenced Gross to 99 years in prison. *Id*. Gross appealed, and on March 18, 2011, the Alabama Court of Criminal Appeals affirmed

2

the trial court's judgment. Exs. B-D. The Alabama Court of Criminal Appeals overruled Gross's application for rehearing on April 22, 2011. Exs. E & F. On June 10, 2011, the Alabama Supreme Court denied his petition for a writ of certiorari and issued a certificate of judgment. Ex. G. Gross did not seek certiorari review in the United States Supreme Court.

On October 10, 2012, Gross filed a Rule 32, Ala.R.Crim.P., petition in the trial court challenging his conviction and sentence. Exs. H & I. The trial court denied Gross's Rule 32 petition on December 5, 2012. Ex. H. Gross appealed, but on April 16, 2013, the Alabama Court of Criminal Appeals dismissed his appeal, finding he had failed to make financial arrangements for preparation of the record on appeal despite being notified of the deficiency. Ex. J. The Alabama Supreme Court dismissed Gross's petition for a writ of certiorari on June 13, 2013, finding it was untimely filed. Ex. K.

*Application of Federal Limitation Period*

Because, on direct review, the Alabama Supreme Court denied Gross's petition for a writ of certiorari on June 10, 2011, Gross had until September 8, 2011 (90 days) to file a petition for a writ of certiorari with the United States Supreme Court. When he did not seek certiorari review in the United States Supreme Court, Gross's judgment of conviction became final.[3] He thus had one year from September 8, 2011 – i.e., until September 8, 2012 – to file

---

[3] *See Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the
(continued...)

3

a timely 28 U.S.C. § 2254 habeas petition in this court, absent any applicable tolling of the statutory limitation period. *See* 28 U.S.C. § 2244(d)(1)(A).[4]

Although Gross filed a state post-conviction petition under Ala.R.Crim.P. 32 on October 10, 2012, that filing did not toll the federal limitation period under 28 U.S.C. § 2244(d)(2),[5] because it occurred *after* the federal limitation period had already expired (on September 8, 2012). *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year federal statute of limitations has expired, it does not toll the statute because no time remains to be tolled). Gross filed his § 2254 habeas petition on March 11, 2014.

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Gross. There is no evidence that any unconstitutional or illegal State action impeded him from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). He presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28

---

[3](...continued)
time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

[4] Section 2244(d)(1)(A) states that the limitation period for filing a § 2254 petition begins to run on the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

[5] Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

U.S.C. § 2244(d)(1)(C).  Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See Holland v. Fla.*, 560 U.S. 631 (2010).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Gross fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period.  Consequently, Gross is not entitled to equitable tolling.

Under the circumstances set forth above, it is apparent that the one-year limitation period in § 2244(d) expired on September 8, 2012.  Because Gross did not file his § 2254 petition until March 11, 2014, his petition is time-barred and this court may not address the merits.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and this case be dismissed with prejudice under 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 13, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of September, 2014.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE