IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| GREGORY GROSS, # 256564,        ) | |
|     ) | |
|     Petitioner,        ) | |
|     ) | CIVIL ACTION NO. |
|     v.        ) | 1:14cv208-MHT |
|     ) | (WO) |
| KENNETH JONES and LUTHER        ) | |
| STRANGE,        ) | |
|     ) | |
|     Respondents.        ) | |

OPINION

Pursuant to 28 U.S.C. § 2254, petitioner filed this habeas-corpus case.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the habeas-corpus request be denied as time-barred.  Also before the court are petitioner's objections to the recommendation.

After an independent and de novo review of the record, the court concludes that the objections should be overruled, and the magistrate judge's recommendation adopted.  In his objections, petitioner argues that the

federal limitation period does not apply to his petition because he raises a "jurisdictional" claim regarding the state trial court's jurisdiction in his case. If this court were an Alabama court, his argument regarding jurisdictional claims might have some force. See, e.g., McNeal v. State, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a Rule 32 proceeding not barred by the statute of limitations in Ala. R. Crim. P. 32.2(c), because, if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court). However, there is no similar exception to the limitations period in 28 U.S.C. §2244(d). Thus, petitioner's claim about the trial court's jurisdiction does not entitle him to any relief from operation of the federal statutory limitations bar.

An appropriate judgment will be entered.

DONE, this the 15th day of October, 2014.

                                               /s/ Myron H. Thompson
                                         UNITED STATES DISTRICT JUDGE